# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MATTHEW RAMIREZ, JR., )<br>    Defendant. ) | CRIMINAL ACTION 1:16-00061-KD-N |

## ORDER

This matter is before the Court on Defendant Matthew Ramirez, Jr. (Ramirez)'s "Motion for credit for time served in state custody from 2016." (Doc. 219). Specifically, Ramirez asks this Court to order the Bureau of Prisons (BOP) to give him credit for time served since June 1, 2016, arguing that the BOP "has only credited ... 1-year, and 3-months because they say the Federal sentencing is silent." (Id.)

This Court is the sentencing court for Ramirez. "18 U.S.C. § 3585(b) provides, '[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences....'" *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir.2010). The "[a]uthority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." Id. (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992)); *United States v. Anderson*, 517 Fed. Appx. 772, 775 (11th Cir. 2013) ("The Attorney General, through the BOP, is authorized under § 3585(b) to compute sentence-credit awards after sentencing."); *United States v. Hardy*, 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time

in official detention and to compute the amount of credit to which he is entitled[]") (citation omitted). Therefore, this Court does not have authority to calculate credit for time served in custody.  As such, Ramirez's motion (Doc. 219) is **DENIED.**

**DONE** and **ORDERED** this the **5th** day of **February 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**