IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>v.<br><br>MATTHEW RAMIREZ, JR.,<br>　　　Defendant. | )<br>)<br>)<br>)　CRIMINAL ACTION 1:16-00061-KD-N<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on Defendant Matthew Ramirez, Jr. (Ramirez)'s motion for reconsideration of the Court's February 8, 2021 Order (Doc. 220) denying his motion for credit for time served, and in the alternative to reduce his sentence in light of COVID-19.  (Doc. 221).

Ramirez's seeks reconsideration of the Court's denial of his request that the undersigned order the Bureau of Prisons (BOP) to give him credit for time served since June 1, 2016, arguing that the order "is silent as to consecutive and/or concurrent sentencing."  (Doc. 221 at 1).  In the alternative, Ramirez seeks a sentence reduction based on "post-conviction rehabilitation" citing COVID-19 and seeking compassionate release to avoid "catching Covid-19 again" and to care for his children (asserting that he is the only person who can), so they are not placed in child protection services.  (Doc. 221 at 2).

Firs, Ramirez again asks the Court to amend or modify his federal sentence by ordering it to run concurrently with his state sentence.  However, the Court lacks jurisdiction to do so. It is well settled that sentencing courts do not possess "some sort of inherent authority to modify a sentence" whenever they wish. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002). Indeed, the law is clear that "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th

Cir. 2010); *see also* United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed"). "A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35." United States v. Jackson, 613 F.3d 1305, 1308 (11th Cir. 2010). And neither Rule 35 nor any statute would appear to authorize modification of a sentence from consecutive to concurrent under the circumstances here. Accordingly, this Court lacks authority to amend or modify Ramirez's federal sentence such that it is **DENIED.**

Second, the "[a]uthority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." Id. (citing United States v. Wilson, 503 U.S. 329, 334 (1992)); United States v. Anderson, 517 Fed. Appx. 772, 775 (11th Cir. 2013) ("The Attorney General, through the BOP, is authorized under § 3585(b) to compute sentence-credit awards after sentencing."); United States v. Hardy, 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled[]") (citation omitted). Therefore, this Court does not have authority to calculate credit for time served in custody. *However, in the event the BOP exercises its authority and decides to credit Ramirez for time served in custody, the Court would have no objection.* As such, Ramirez's motion in that regard is **DENIED at this time.**

Third, regarding Ramirez's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) under the *Coronavirus Aid, Relief, and Economic Security Act* (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (to be codified at 18 U.S.C. § 3621), the Court finds as follows. In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that "the court ... upon motion of the defendant

after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" upon finding that there are extraordinary and compelling reasons which warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.  Ramirez does not argue that he has met the exhaustion requirement. Additionally, Ramirez has not shown entitlement to compassionate release -- he asserts only that he previously had COVID and "must undoubtably have an underlying condition he did not know about because he almost died form [sic] the virus the first time[.]"  See generally United States v. Buck, 2020 WL 3490609 (S.D. Ala. June. 26, 2020) (discussing the elements for same).  Thus, Ramirez's motion in this regard is **DENIED.**

**DONE** and **ORDERED** this the **17th** day of **March 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**