IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | )  Criminal Action No. 16-00061-KD-N |
| MATTHEW RAMIREZ, JR., | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This action is before the Court on the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and documents in support filed by Defendant Matthew Ramirez, Jr. (Doc. 227). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I. Background

In March 2017, Ramirez was sentenced to a term of 120 months for the offense of conspiracy to possess with intent to distribute methamphetamine. (Doc. 181) The Court imposed his sentence as follows: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 months as to Count 1s, with the defendant to be given credit for time served since June 1, 2016." (Doc. 181, p. 2)

Ramirez now moves the Court for a reduction of his sentence. As grounds, he states that extraordinary and compelling reasons exist because the U.S. Bureau of Prisons refused to give him credit for time served[1] as ordered by the Court. He states that "the BOP has taken an arbitrary stance and refused to award the credit … using their fall back claims of the time being awarded towards another sentence and that Ramirez was in the primary custody of the state." (Doc. 227, p. 3)

---

[1] Ramirez mistakenly asks for time served since July 1, 2016.

II. Analysis

Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides that upon motion of the defendant or the Director of the Bureau of Prisons, the Court may reduce a sentence if there are extraordinary and compelling reasons which warrant a reduction, certain procedural[2] requirements are met, the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence, and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Although Ramirez argues that the Sentencing Commission's Policy Statement U.S.S.G. § 1B1.13 is outdated and does not apply, the Court of Appeals for the Eleventh Circuit has held that "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021).

The Policy Statement, in relevant part, provides that upon motion under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment if it determines that the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction, there are extraordinary and compelling reasons which warrant a reduction, the defendant is not a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g), and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.  However, the district courts need not analyze the above requirements in any specific order. See United States v. Tinker, 14 F. 4th 1234, 1237-1238 (11th Cir. 2021) (per curiam).  Importantly, should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction." Id. at 1238.

---

[2] Defendants may file a motion after they have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

The Policy Statement lists four circumstances as examples of extraordinary and compelling reasons under § 3582(c)(1)(A). Specifically, the "medical condition of the defendant" such as a terminal illness, or serious physical or medical condition, or serious functional or cognitive impairment, or age-related physical or mental health deterioration. U.S.S.G. § 1B1.13, cmt. n.1(A). Also, the "age of the defendant" where the "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. at cmt. n.1(B). Additionally, certain "family circumstances" may provide grounds for a reduction of sentence. Specifically, "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children. [or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id. at cmt. n.1(B).

And last, any "other reason [a]s determined by the Director of the Bureau of Prisons, [when] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. at cmt. n.1(D). Although the phrase "other than" has been broadly interpreted by some courts, the Eleventh Circuit explained that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." United States v. Bryant, 996 F.3d at 248; United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *2 (11th Cir. Sept. 22, 2022) (the "district courts may not 'find[ ] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.'") (quoting United States v. Giron, 15 F.4th at 1343, 1347 (11th Cir. 2021)). Thus, the Court is constrained by the determinations of the Director of the BOP. See Bureau of Prisons

Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g).*

Review of Program Statement 5050.50 indicates that the Director of the BOP has determined that certain medical conditions regardless of age, i.e., terminal or debilitating medical conditions; certain medical or mental conditions affecting inmates 65 and older who have served at least 50% of their sentence; and certain family circumstances involving the death or incapacitation of the caregiver for the inmate's minor children, or disabled spouse or registered partner, may, if conditions are met, constitute grounds for a reduction of sentence.

Since Congress specifically stated that a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) must be consistent with the applicable Policy Statements and the Eleventh Circuit has held that U.S.S.G. § 1B1.13 is the applicable Policy Statement, Bryant, 996 F. 3d at 1262, this Court is without authority to disregard the Policy Statement's plain language. Thus, a reduction of sentence based upon the circumstance Ramirez presents – the BOP's decision to deny his request for credit for time spent in custody before sentencing - would not be consistent with Policy Statement § 1B1.13. Therefore, Ramirez's motion for compassionate release is denied.

However, Ramirez indicates that he sought an "Administrative Remedy" with the BOP and that his "Administrative Remedies" were denied (Doc. 227, p. 1). After he has exhausted the administrative remedies procedures, Ramirez may challenge the BOP's final administrative decision by filing a petition pursuant to 28 U.S.C. § 2241. United States v. Martin, 362 Fed. Appx. 69, 70 (11th Cir. 2010) ("Granting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before seeking judicial review.") (citing United States v. Flanagan, 868 F.2d 1544, 1546 (11th

Cir. 1989)).  And, importantly, Ramirez must file his § 2241 petition in the district court for the district where he incarcerated.  United States v. Leverette, 721 Fed. Appx. 916, 917 (11th Cir. 2018).  Since Ramirez is incarcerated at FCI Texarkana in Texarkana, Texas, which is in the Eastern District of Texas, this Court would not have jurisdiction to hear his § 2241 petition.

III. Conclusion

Accordingly, for the reasons set forth herein, Ramirez's motion for compassionate release is denied.

**DONE** and **ORDERED** this 7th day of November 2022.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**